CASE 5—MANDAMUS—APRIL 8.

# Spencer County Court, &c., v. Commonwealth, &c.

### APPEAL FROM SPENCER CIRCUIT COURT.

1. AN APPLICATION FOR THE OPENING OR ALTERATION OF A PUBLIC ROAD may be made to the county judge alone, and although the damages be assessed by a jury, or fixed by agreement, at a sum exceeding fifty dollars, the court of claims has no discretion, but is obliged to levy a tax to pay the damages and costs, and may be compelled by mandamus so to do. The statute which prohibits the county court, unless composed of a majority of the justices, from making an appropriation or charge on the county of any sum exceeding fifty dollars for any one object, does not apply to such cases.

2. THE COUNTY JUDGE DECLINING TO ACT; the statute authorizes the nearest justice to take the bench, and the justice having heard the case without objection, it is not necessary to determine whether or not the reasons of the regular judge for declining to act were sufficient.

WM. LINDSAY FOR APPELLANT.

1. In the absence of record evidence of the rights and powers of the justice who presided, his orders are void as to the justices of the county and the regular county judge. They were not parties to the then proceeding, and there is no presumption that they consented to his acting as county judge, or to his holding the county court·

2. If the establishment of a road, or the alteration of an established road, involves an appropriation of more than fifty dollars, the county judge may summon the justices to sit with him when the order is made; or he may make the order subject to the *final* action of the court of claims when it meets in regular session. (General Statutes, chapter 94, article 1, sections 6, 11, 16, 17 and 18; chapter 28, article 18, sections 1 and 3; chapter 27, article 3, section 1; Harrison County Court v. Smith, 15 B. M., 156; Warren County Court v. R. R. Co., 10 Bush, 711; Commonwealth v. Boone County Court, 6 Ky. Law Rep., 755.)

A. P. HARCOURT ON SAME SIDE.

1. The record shows that the regular judge was "sworn off," but does not show, as it should, that the special judge who presided was *sworn in*. A county court can only speak by its records. (Fletcher v. Light, 4 Bush, 307.)

2. The charges put upon the county in this case are largely in excess of the amount the county court is empowered to impose, unless a majority of the justices are present. (General Statutes, chapter 27, article 1, section 8; Harrison County Court v. Smith's Adm'r, 15 B. M., 166.)

G. G. GILBERT FOR APPELLEES.

1. The county judge having been "sworn off," Cooper being the nearest justice, was the proper person to preside. (Act January 12, 1876; General Statutes, page 905). But if any reason existed why he should not serve, it was waived by not objecting at the time. (Vandever v. Vandever, 3 Met., 138.)

2. The statute requiring that the justices shall be associated with the county judge in making appropriations of over fifty dollars for any one object has no application in a case like this; it applies only to the ordinary appropriations made directly by the court. (General Statutes, chapter 27, article 8, section 1; Ibid., chapter 94, article 1, sections 6 and 16.)

3. All through chapter 94 of the General Statutes on the subject of public roads, the words "court" and "county court" mean the tribunal presided over by the county judge alone. (General Statutes, chapter 94, article 1, sections 2, 4, 5, 6, 7, 11, 18, 21, 28 and 36; R. R. Co. v. Warren County Court, 10 Bush, 717.)

4. The duty of the levy court under section 16 of article 1, chapter 94, of the General Statutes, is purely ministerial, and mandamus is the appropriate remedy to compel the court to perform that duty. (Anderson County Court v. Stone & Son, 18 B. M., 252; Justices of Clark v. P. W. & R. Turnpike Co., 11 B. M., 154; Page v. Hardin, 8 B. M., 648.)

ROZEL WEISSINGER ON SAME SIDE.

1 The whole machinery for opening or changing roads provided by chapter 94 of the General Statutes is under the control of the county judge sitting alone as the court. The court of claims has no jurisdiction of the matter, except only the ministerial *duty* to levy the amount of damages assessed. (General Statutes, chapter 28, article 17; Ibid., chapter 94, article 1.)

2. Mandamus was the appropriate remedy. (Justices of Clark v. Turnpike Co., 11 B. M., 154; Page v. Hardin, 8 B. M., 561.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

A mandamus was awarded by the Spencer Circuit Court against the Spencer County Court of Claims, compelling the last named court to levy a tax to

pay the damages and costs incurred by reason of the alteration of a certain public road in that county. The proceedings for the alteration of the road were had under the provisions of chapter 99, General Statutes, and the mandamus was obtained at the instance of the land owners, who had been allowed damages under an agreement with the county judge.

The court of claims refused to make a levy to pay the damages on the ground that the county judge had no power to compensate the owners, or to remand the case to a jury that damages might be assessed, if the amount to be paid exceeded fifty dollars, or, if so, the same was subject to their approval, and declining to approve the action of the county judge, directed the attorney for the county to prosecute an appeal. No appeal was prosecuted, and hence the mandamus.

It is claimed by counsel for the county that section 1 of article 3 of chapter 27, General Statutes, prohibiting the county courts of the State (except Jefferson county), unless composed of a majority of justices, from making an appropriation or charge on the county, to be paid out of the county revenue or levy, of any sum exceeding fifty dollars for any one object, applies to cases of this character, and, therefore, the court of claims, in their discretion, could either reject or approve the action of the county judge; and this is the question involved on the appeal.

Section 1 of article 17, chapter 28, General Statutes, provides "that the county judge in each county shall hold the county court on the day prescribed

by law, but at the court of claims, which shall be
held once in each year, the justices of the peace
of the county shall be associated with him, and con-
stitute the court, * * *. which shall be confined
to laying the county levy, appropriating money, and
transacting other financial business of the county."

It therefore follows that an application may be
made to the county judge alone for the opening or
alteration of a public road, and his judgment, when
holding the county court with reference to such mat-
ters, is final and conclusive until vacated or reversed.
The county judge may summon the justices to attend
any term of the county court, and could have sum-
moned them in this case; but the question presented
in this case is, was he required to summon them
when, in his opinion, it became necessary to con-
demn the land of these appellees for the public use,
or to consult their judgment when a jury had as-
sessed the damages at a sum exceeding fifty dollars,
or when the owners of the land were willing to
accept a reasonable compensation without the inter-
vention of a jury? The statute with reference to
roads contains no provision .authorizing the court
of claims to pass either on the necessity for the
road, or the question of damages to which the own-
ers of the land may be entitled, but, on the con-
trary, provides in express terms, that "if the court
has enough before it to enable it to fix on a just
compensation to the owners whose lands have been
taken," and they are willing to accept it, the writ
of *ad quod damnum* may be dispensed with; but if
the owners desire it a jury must be empaneled.

(Sections 6 and 8 of article 1, chapter 94, General Statutes.)

Section 16 of the same statute provides, that "when a road is opened or is altered, the county court shall levy the amount of damages assessed at the next court of claims, and the legal costs of the procedure," etc., evincing clearly an intention to vest in the county court held by the county judge at its regular term the jurisdiction to establish and alter roads, and fix the compensation if a jury is waived by those entitled to damages; and when this is done, making it imperative on the court of claims to make a levy to satisfy the damages awarded. This proceeding in regard to roads under chapter 94 is so specific and definite in its character that it is unreasonable to adjudge that the law-making power intended, regardless of these express enactments conferring jurisdiction on the county court as distinguished from the court of claims, to give to the latter court, composed of a majority of the justices, the power to annul the entire action of the county judge in establishing a road, by refusing to make a levy to compensate the owners. The case heard, the road established, and the damages assessed by a jury or the court, and still a subsequent court of claims retaining complete revisory power over the question of payment—such was not the legislative intent, and is not a proper construction of the statute. The case referred to by counsel of Harrison County Court v. Smith's Adm'r, 15 B. M., 155, has no analogy to the case being considered. The county judge has no power to cause new buildings to be erected or old

ones to be repaired when the expenditure exceeds
fifty dollars, because expressly prohibited by the
statute; while, on the other hand, the power to fix
the compensation in the case of a road is expressly
conferred.

In this case the surveyor was ordered to open the
road immediately, or as soon as practicable after the
sums allowed the owners of the land were paid or
tendered them; and for that reason it is argued that
the road was established on condition that the levy
would be made by the court of claims. It neces-
sarily followed that no entry could be made on the
land of the owner until he was paid or the compen-
sation tendered; and this order only followed the
law, but imposed no condition whatever vesting the
court of claims with any discretion over the subject-
matter.

The county judge had no power to refuse to alter
or establish the road, except on legal grounds. The
testimony, including the report of the viewers and
the damages ascertained, was all before the court,
and his judgment on the issue being purely judicial,
he could only deny the application in the event the
facts authorized it. If the county judge, on the re-
turn of the inquest, if one had been held, had arbi-
trarily decided that he would not open or alter the
road, the applicants had the right to appeal to the
circuit court, and from that court to a still higher
court.

The proceeding is, in effect, an issue of fact as
between the applicant on the one side and the con-
testants on the other, the court determining the neces-

sity for a public road at the place designated, from all the evidence adduced. This action of the county judge holding the county court can be revised by the circuit court at the instance of any party aggrieved, and the judgment of the circuit court revised by this court; and although these various judicial tribunals have passed upon the rights of the parties, including the question of damages, it is still insisted that these are only initiatory steps towards the establishment of the road, and that the court of claims has the discretionary power to make or refuse the levy, and thus defeat the application under which the road has been established and the damages assessed. The court of claims has no such discretion, and if the county is aggrieved, the remedy is by an appeal. Without inquiring into the reasons influencing the Legislature in providing the mode found in the statute for establishing or altering roads, it is sufficient to say that such is the plain letter of the statute, and this construction given its provisions, or statutes similar in their character, has been followed since we have had a law on the subject, embracing both the Revised and General Statutes.

It is insisted that the special judge trying the case was not sworn, and besides, was without authority to hear the application. It appears that one of the parties to the proceeding objected to the regular county judge, and the judge presiding, being the nearest justice, took the bench. This is expressly authorized by statute. He heard the case without objection, and whether the reasons for the regular judge declining to act, or causing him to leave the

bench, were or not sufficient, is not necessary to be determined. His judgment was not void on either ground relied on, and the judgment below is therefore affirmed.